SCHILLING v. PULLMAN CO.

(District Court, S. D. Florida. September 17, 1923.)

No. 1789.

1. Pleading ⬟=34(4)—Must be taken most strongly against pleader.

A pleading must be taken most strongly against the pleader.

2. Carriers ⬟=416—Declaration by passenger demurrable for failure to allege scope of servant's duties.

A declaration charging that plaintiff was passenger on defendant's car, when its agent, servant, and employee assaulted her and made indecent proposals, was demurrable, where it did not allege the scope of such servant's duties.

At Law. Action by Lorraine Schilling against the Pullman Company. On demurrer to the declaration. Demurrer sustained.

Carson, Murrell & Farrington, of Miami, Fla., for plaintiff.
John E. & Julian Hartridge, of Jacksonville, Fla., for defendant.

CALL, District Judge. This cause comes on to be heard upon the demurrer of the defendant to each count in the declaration. The first count charges that, while the plaintiff was a passenger on defendant's car, it did, through one Holmes, its agent, servant, and employee, approach plaintiff and make several insulting, indecent, and libidinous proposals and remarks to her, at the hour of 10:30 p. m. The second count charges in the same manner and at the same time the assault upon her by Holmes. The third count charges in the same manner the use of insulting, indecent, and libidinous language, at the hour of 7:20 a. m. And the fourth count, so far as I read it, is in the same language as the third count. The defendant demurs to each of these counts.

[1, 2] The declaration seems to be framed on the theory that the defendant is responsible for any act done or word spoken by any of its agents, servants, or employees to a passenger upon one of its cars, whether that agent, servant, and employee had any connection with the duty of transporting said passenger or not. This I do not think good

law. Undoubtedly the company would be responsible for an assault committed upon, or the use of insulting, indecent, and libidinous language used by one of its agents, servants, and employees to, a female passenger, having connection with the car in which the female is being transported; but each count in the declaration is silent as to what was the scope of Holmes' employment, and under the well-recognized doctrine that a pleading must be taken most strongly against the pleader it must be assumed from the silence of the declaration that Holmes was the agent, servant, and employee in some other capacity than the transportation of passengers by the defendant, and, so considered, no cause of action is stated. I do not think the declaration is aided by charging the defendant did the act by its servant, agent, and employee.

The demurrer will be sustained.